# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| Corval Constructors, Inc., a Minnesota Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>Montana-Dakota Utilities, Co., a Division of MDU Resources Group, Inc., a Delaware corporation,<br><br>                Defendant. | CV 16-81-BLG-SPW-TJC<br><br>**ORDER DENYING ENTRY OF STIPULATED PROTECTIVE ORDER AND AMENDING SCHEDULING ORDER** |

Defendant Montana-Dakota Utilities, Co., upon stipulation of Plaintiff Corval Constructors, Inc., presented for the Court's approval a Stipulated Protective Order. (Doc. 44). As explained below, the Court declines to enter the Stipulated Protective Order, and amends the Scheduling Order entered on October 17, 2016 (Doc. 40).

The entry of protective orders is governed by L.R. 26.4, which provides in pertinent part that "the motion for protective order…and

-1-

brief in support must be filed in the public record and must describe the nature of the documents or items in a manner that, without revealing information sought to be protected, enables assessment of the propriety of a protective order." L.R. 26.4(a)(2). In addition, any request that the Court take a particular action must comply with the provisions of L.R. 7.1. That rule requires the submission of a written motion, and if unopposed, a proposed order that complies with L.R. 7.1(c)(3).

The Court finds that the parties' Stipulated Protective Order fails to comply with the provisions of either rule. Particularly with respect to L.R. 26.4 (a)(2), the parties' submission does not describe with sufficient specificity the nature of the information the parties wish to be protected. Rather, the Stipulated Protective Order explains that the parties "stipulate and agree to designation as 'Confidential' of all documents within the scope of Fed. R. Civ. P. 26(c)." (Doc. 44 at 2). As the scope of documents potentially included in this category is practically limitless, the Court finds that the parties' Stipulated Protective Order is not in compliance with L.R. 26.4, and therefore declines to approve it.

With that said, the Court supports the parties' willingness to

cooperate with one another in the crafting of the Stipulated Protective Order, and is not opposed to the parties operating under its terms if that is their wish. They do not need to seek an order from this Court approving its terms. If, in the future, the parties find that the Stipulated Protective Order – or any other protective order to which they agree – fails to protect their interests, one or both of them may move the Court accordingly, so long as such motion complies with all applicable rules, including L.R. 7.1 and 26.4 and the Scheduling Order as amended below.

Accordingly, IT IS ORDERED that:

(1) The parties' request that the Court approve their Stipulated Protective Order (Doc. 44) is **DENIED**.

(2) The Scheduling Order is **AMENDED** to add the following language to paragraph 7:

(d) If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court. Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order

of this Court will be forthcoming concerning protective orders.

DATED this 28th day of December, 2016.

                                      /s/ Timothy J. Cavan
                                      United States Magistrate Judge